STATE OF MISSOURI, Respondent, v. D. S. WATTS, Respondent.

St. Louis Court of Appeals, April 28, 1903.

Druggist Act, Violation of: CONVICTION: REVOCATION OF LICENSE: INDICTMENT MUST CHARGE PRIOR CONVICTION. Revised Statutes 1899, section 3047, provides that on conviction of a violation of the druggist act, for a second offense, in addition to the fine, accused shall have certificate of registration as a pharmacist revoked. *Held*, that to authorize a revocation of his certificate of registration as a pharmacist, his previous conviction of a violation of the druggist act must be charged in the indictment.

Appeal from Greene Criminal Court.—*Hon. J. J. Gideon*, Judge.

REVERSED.

*W. G. Robertson* and *John W. Robertson* for appellant.

(1)  Defendant contends that the trial court erred in sustaining the motion of the prosecuting attorney to revoke the pharmacist certificate of defendant because there is no such power given the judge of the criminal court by the statutes providing for a board of pharmacy, the board of pharmacy under the statutes having the sole power to issue certificates to pharmacists, and that tribunal, we contend, is the only one having power to revoke such certificate unless respondent contends the revocation of the certificate on a second conviction as mentioned in section 3047 is intended by said section as part of or an additional punishment or penalty. If that is the intention or effect of the law, then the former conviction should have been pleaded and submitted, as pro-

vided in section 2379, Revised Statutes 1899, where former convictions enter into and affect the penalty, as in this case.    State v. Brown, 115 Mo. 409.    (2) An act inflicting a penalty for a second offense; the indictment must recite the record of the first conviction, and upon the evidence, the record of the first conviction must be proved.    Potters Dwarris on Statutes and Constitutions, 280; 1 Hale P. C., 686.

BLAND, P. J.—At the April term, 1902, of the criminal court of Greene county, the defendant was convicted of a violation of section 3047, of the druggists and pharmacists act.    After the conviction the prosecuting attorney filed the following motion (omitting caption) :

"Comes now the prosecuting attorney within and for said county and State, and represents to the court that the defendant, D. S. Watts, was on the tenth day of April, 1902, tried and convicted on a charge of selling intoxicating liquor in less quantity than four gallons, to one Fred Wilder without a written prescription first had from some regular registered and practicing physician, the said defendant being a pharmacist and druggist; that the said defendant was prior to above date tried on the fourth day of June, 1901, and convicted on a similar charge under the same section of the statute, to-wit, section 3047, Revised Statutes 1899 of the State of Missouri. Wherefore the prosecuting attorney moves the court to revoke the defendant's certificate of registration as a pharmacist in compliance with said section 3047."

The State, over the objection of defendant, offered and read in evidence the record of the Greene Circuit Court showing that the defendant, at the June term, 1901, of said court, was convicted of a violation of section 3047, of the druggist and pharmacists act.    On this evidence the court sustained the motion to revoke de-

fendant's license as a pharmacist and rendered the following judgment:

"Now at this day it is ordered by the court that the motion heretofore filed by the prosecuting attorney to revoke and annul the pharmacist license of the defendant is hereby sustained. It is therefore ordered by the court that the pharmacist license of defendant be now revoked and annulled."

Defendant appealed from the above judgment.

It is provided by the last clause of section 3047, supra, as follows: "And for a second offense shall, on conviction, in addition to such fine, have his certificate of registration as a pharmacist revoked." It was not charged in the indictment that the defendant had been theretofore convicted of a violation of section 3047, of the druggist and pharmacists act. The cancellation of defendant's license as a pharmacist was a penalty or punishment in addition to the fine assessed by the jury.

In State v. Schumacher, 12 Mo. App. 569, it was ruled that, "In order to bring the accused within the statutory provisions for an increased punishment where there has been a previous conviction, such conviction must be charged in the indictment."

In Potter's Dwarris on Statutes and Constitutions, it is said at page 280: "An act inflicting a penalty for 'a 'second offense,' the indictment must recite the record of the first conviction; and upon the evidence, the record of the first conviction must be proved." To the same effect is Hale's P. C., side page 686; Bishop on Criminal Procedure, sec. 538.

It is not within the power of the court, on a mere motion, to assess the additional punishment or penalty by revoking defendant's license as a pharmacist and the judgment in this respect is reversed. The judgment of conviction on the indictment is not appealed from. *Reyburn,* and *Goode, JJ.,* concur.